IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALEXIS MORALES GARCIA,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER, MARKWAYNE MULLIN, TODD M. LYONS, ALLEN GILL, and KOLBY FOOTE,

Respondents.

**8:26CV634**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Alexis Morales Garcia's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is subject to mandatory detention as an arriving alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to afford Petitioner a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Filing No. 7 at 3. He entered the United States without inspection as an unaccompanied minor on September 23, 2015. On September 25, 2015, he was detained and served with a notice to appear for removal proceedings. Filing No. 7 at 3. On October 9, 2015, Petitioner was released to an adult sponsor on an order of recognizance. Filing No. 7 at 4. Petitioner filed an individual asylum petition which he later withdrew, but he remains a derivative asylum applicant and a U-visa derivative applicant. Filing No. 11 at 2.

On September 14, 2026, Petitioner was encountered in Guthrie County, Iowa, following his arrest for first-offense trespassing and fifth-degree theft. Filing No. 7 at 4. ICE lodged an immigration detainer and took custody of him on September 16, 2026. Filing No. 7 at 4. Petitioner is scheduled to appear in immigration court for removal proceedings on December 7, 2026. Filing No. 7 at 4. He remains in ICE custody at the McCook Detention Center in McCook, Nebraska.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those

apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Ninth Circuit Court of Appeals, and Seventh Circuit Court of Appeals. have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *1 (7th Cir. July 30, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. When Petitioner was detained and released on his own recognizance, the government necessarily invoked 8 U.S.C. § 1226.[1] Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(A)[2] rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not

[1] Although the order of release on recognizance does not appear in the record, Respondents concede Petitioner was so released.
[2] Respondents assert § 1225(b)(2)(A) as the sole justification for Petitioner's detention and do not claim his arrest on criminal charges requires his detention.

allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner on his own recognizance. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), the order releasing him on his own recognizance remains operative. Should Respondents choose to attempt to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

Furthermore, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews*

*v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Should Respondents seek to re-detain Petitioner, they must afford him a prompt bond determination hearing as described herein.
5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on November 20, 2026.**

Dated this 12th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge